182

STATE OF ALABAMA ex rel. Macdonald GALLION, as Attorney General of the State of Alabama, Complainant

v.

BESSEMER MATERIALS, INCORPORATED, Frank S. Blackford, as trustee of Bessemer Materials, Incorporated, United States Fidelity and Guaranty Company, a Foreign Corporation, and the United States of America, Respondents.

Civ. A. No. 10079.

United States District Court
N. D. Alabama, S. D.
Dec. 3, 1963.

Richmond Flowers, Atty. Gen. of the State of Alabama; Herbert I. Burson, Jr., State Dept. of Revenue, and William S. Mooneyham, Asst. Gen. Counsel for the Department of Industrial Relations, State of Alabama, Montgomery, Ala., for plaintiff.

Ralph B. Tate and Spain, Gillon & Young; Leader, Tenenbaum, Perrine & Swedlaw; Frank S. Blackford; and Macon L. Weaver, U. S. Atty., Birmingham, Ala., and Ling & Bains, Bessemer, Ala., for defendants.

GROOMS, District Judge.

## FINDINGS OF FACT

The Court finds the facts as follows:

1. On May 12, 1959 the State of Alabama entered into a contract with Bessemer Materials, Incorporated (hereafter called Bessemer Materials) for the construction of a road in Walker County, Alabama known as Project Number S–668(7).

2. The defendant, United States Fidelity and Guaranty Company (hereafter called USF&G) as surety executed for Bessemer Materials a bond for the faithful performance of the contract between Bessemer Materials and the State of Alabama, and also a bond for the payment of all labor and material claims incurred in the execution of said contract. These bonds were given and executed pursuant to Section 16 of Title 50 of the 1940 Code of Alabama.

3. Bessemer Materials defaulted upon the performance of its contract with the State and failed to pay claims for material and labor used in the performance of said contract. USF&G as such surety took over the performance of the project, completed the same, and paid all unpaid claims for material, labor and supplies, incurring a loss in the amount of $88,-095.17, which sum is due and unpaid to said surety.

4. On September 27, 1960 Bessemer Materials filed a voluntary petition in bankruptcy in this Court and was duly adjudged a bankrupt.

5. Complainant, The State of Alabama, has filed this bill in the nature of a bill of interpleader in which it alleges that there is due and unpaid on said contract between Bessemer Materials and the State the sum of $38,400.28. It averred that on September 8, 1960 the United States served a notice of levy on the State Highway Department notifying it that Bessemer Materials owed a large sum of money for taxes due the United States. The bill averred that claim had been made to said funds by USF&G. It also averred that Bessemer Materials was indebted in a large amount to the State of Alabama by and through its Department of Industrial Relations for unpaid unemployment compensation taxes and by and through its Department of Revenue for unpaid sales taxes.

6. Claims to said funds have been filed by the United States, USF&G, and the Trustee in bankruptcy of Bessemer Materials.

7. USF&G has offered in evidence the original contract (Exhibit A); the performance bond and labor and materialmen's bond (these bonds are set out in the Contract Forms, Exhibit A); the application of Bessemer Materials for said bond and the indemnity agreement wherein it transferred and assigned all unpaid contract monies to USF&G upon default by Bessemer Materials (Exhibit B); a letter of default by Bessemer Materials dated August 26, 1960 (Exhibit C); specific assignment of contract funds to USF&G executed by Bessemer Materials on the 26th of August 1960 (Exhibit D); and paid drafts issued by USF&G evidencing the payment to subcontractors, laborers and materialmen totaling $88,095.17 (Exhibit E–1 to E–22).

8. The United States appeared in court and withdrew its claim filed herein on July 20, 1962, to the funds sought to interplead in court, which claim was made the basis of its crossclaim filed July 20, 1962.

9. The State of Alabama, by motion filed on October 24, 1963, has moved the court to be discharged upon the payment of said sum of $38,400.28 into the registry of the court, and on November 27, 1963, the court entered an order directing that the State of Alabama be discharged from all further liability upon the payment of said sum into the registry of the court.

## CONCLUSIONS OF LAW

The Court concludes as follows:

1. USF&G has a prior and superior right to the funds to be paid into the registry of this Court by the State of Alabama. Pearlman v. Reliance Ins. Co., 371 U.S. 132, 83 S.Ct. 232, 9 L.Ed.2d 190 (decided December 3, 1962); Prairie State Nat. Bank v. United States, 164 U.S. 227, 17 S.Ct. 142, 41 L.Ed. 412; Henningsen v. United States Fidelity & Guaranty Co., 208 U.S. 404, 28 S.Ct. 389, 52 L.Ed. 547.

2. When Bessemer Materials defaulted and USF&G as surety took over and completed the performance of the contract project and paid all unpaid claims due subcontractors, laborers and materialmen, then all remaining sums due under the contract, up to the amount expended by said surety, were due and owing by the State of Alabama to USF&G and Bessemer Materials had no property or right to property in these contract funds upon which any lien of the United States or of the State of Alabama for taxes could attach. See Citizens' Bank of Guntersville v. Pearson, 217 Ala. 391, 392, 116 So. 350; Maryland Casualty Co. v. Dupree, 223 Ala. 420, 136 So. 811; Alabama-Tennessee Nat. Gas Co. v. Lehman-Hoge & Scott, D.C., 122 F.Supp. 314; Central Surety & Insurance Corp. v. Martin Infante Co., 3 Cir., 272 F.2d 231; and Fidelity & Deposit Co. of Md. v. New York City Housing Authority, 2 Cir., 241 F.2d 142. With respect to the claims of the Department of Industrial Relations of the State of Alabama and of the State Department of Revenue of Alabama see the opinion of Attorney General Lawson (now Associate Justice of the Supreme Court of Alabama) of October 7, 1940, Attorney-General's

Opinions of Alabama, Volume 21, 4th Quarter, page 12.

3. USF&G by virtue of its equitable right of subrogation, its conventional right of subrogation, its specific assignment of August 26, 1960, and the provisions of its contract as surety with the State of Alabama, has a prior and superior right over all other claimants herein to the funds to be paid into the registry of the Court by the State of Alabama and is entitled to receive said funds. Authorities supra.

4. Judgment will be entered in accordance with the foregoing.